# EXHIBIT 28

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

| | |
|---|---|
| SERGEI V. FEDOROV,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH ZADA, an individual, ZADA ENTERPRISES, LLC, a Michigan limited liability company, XANDARIUS LLC, a Michigan limited liability company, XANDARIUS LLC, a Florida limited liability company, and EQUEST PROPERTIES, LLC, a Florida limited liability company, Jointly and Severally,<br><br>    Defendants. | Fedorov, Sergei v Zada, Joseph,<br>Hon. Kathleen Macdonald   07/23/2009<br><br>09-018061-CB |

Jaffe Raitt Heuer & Weiss, P.C.
Peter M. Alter (P10145)
Louis P. Rochkind (P24121)
Michael F. Jacobson (P47059)
Attorneys for Plaintiff
27777 Franklin Road, Ste. 2500
Southfield, MI 48034-8214
Ph: (248) 351-3000
Fx.: (248) 351-3082

Marc G. Beginin, PLLC
Marc G. Beginin (P65576)
Co-Counsel for Plaintiff
2023 Hazel Street
Eton Street Station
Birmingham, MI 48009
Ph.: (248) 593-1028
Fx.: (248) 593-1029

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF**
**RECEIVER AND PRELIMINARY INJUNCTION**

At a session of said Court, held in the City of Detroit
County of Wayne, State of Michigan, on **AUG 2 1 2009**

PRESENT: Hon. **KATHLEEN MACDONALD**

Upon reading Plaintiff's Motion for Appointment of Receiver and for Injunctive Relief, the Brief and exhibits attached thereto; oral argument having been heard; Defendants having failed to appear at this hearing and having failed to file an answer to the Motion; the Court being otherwise fully advised in the premises; and it appearing that Plaintiff is entitled to the relief requested;

IT IS HEREBY ORDERED that Plaintiff Sergei V. Fedorov's Motion for Appointment of Receiver and for Preliminary Injunction shall be and hereby is granted.

IT IS FURTHER ORDERED THAT:

1. Patrick M. O'Keefe and O'Keefe & Associates ("Receiver") is appointed as the Receiver over the real and personal assets (the "Assets") of Defendant Joseph P. Zada ("Zada") and the other Defendants, entities owned and/or controlled by Zada, Zada Enterprises, LLC ("Zada Enterprises"), Xandarius LLC ("Xandarius MI"), Xandarius LLC ("Xandarius FL"), Equest Properties, LLC ("Equest"), (each of Zada Enterprises, Xandarius MI, Xandarius FL and Equest is a "Zada Entity" and, collectively, the "Zada Entities").( Zada and the Zada Entities are the Defendants.)

2. Any one or more of the Defendants, including, without limitation, Zada, and/or any other person and/or entity acting with, for and/or in concert with any one or more of the Defendants, is enjoined and restrained from removing, transferring, disposing of and/or otherwise diminishing and/or taking any action whatsoever regarding any one or more (or any portion) of the Assets—including, specifically and without limitation, (i) real property located at 741 Lakeshore Road, Grosse Pointe Shores, Michigan, (ii) real property located at 737 Lakeshore Road, Grosse Pointe Shores, Michigan; (iii) real property located at 77/79-81/83 Iverness Terrace, London, U.K., (iv) an Equestrian

2

facility in Grand Prix Village, West Palm Beach, Florida; (v) personal jewelry; (vi) jewelry collection; (vii) gems, including, but not limited to, diamonds; (viii) artwork, crystal, furniture and antiques; (ix) motor vehicles; (x) life insurance policies; (xi) oil & gas leases and wells; (x) notes receivable; and (xi) any other tangible or intangible personal property.

3. Any one or more of the Defendants, including, without limitation, Zada, and/or any other person and/or entity acting with, for and/or in concert with any one or more of the Defendants in enjoined and restrained from committing and/or permitting further waste of and/or regarding the Assets.

4. Any one or more of the Defendants, including, without limitation, Zada, and/or any other person and/or entity acting with, for and/or in concert with any one or more of the Defendants is required to yield control and possession of each of the Assets to the Receiver.

5. Any one or more of the Defendants, including, without limitation, Zada, and/or any other person and/or entity acting with, for and/or in concert with any one or more of the Defendants is enjoined and restrained from interfering, and each is required to cooperate fully, with the Receiver.

6. Immediately upon entry of this Order and continuing until expiration or termination of the receivership, the Receiver is authorized to take any and all actions that the Receiver deems reasonable and appropriate to exercise full control over, and to prevent waste and to preserve, manage, maintain, secure, protect and safeguard the Assets, including, but not limited to, all cash on hand, bank accounts, credit card receipts,

bank deposits and other cash collateral and take such other actions as may be necessary and appropriate to exercise full control, to prevent waste and to preserve, secure and safeguard the Assets, including copying, if necessary: all books, records, notes, memoranda, loan documents, deeds, bills of sale, canceled checks, check ledgers, calendar notes, diary notes, notes, records, ledgers, electronically stored data, tape recordings, computer discs, or any other financial documents or financial information in whatever form belonging to any of the Defendants that relate in any way to the Assets.

7. The Receiver shall be compensated for its services in an amount to be determined by the Court based upon actual hourly charges detailed, and to be paid solely out of the Assets and/or the proceeds therefrom.

8. Neither Fedorov nor the Receiver shall be liable for any claim, obligation, liability, action, cause of action, cost or expense of Defendants or the Assets arising out of or relating to events or circumstances occurring prior to this Order, including without limitation, any contingent or unliquidated obligations and any liability from the performance of services rendered by third parties on behalf of Defendants and/or any one or more of them, and any liability to or for which any one or more of Defendants is/are currently or may ultimately be responsible and/or liable for under any applicable laws and/or pertaining to the ownership, use, and/or operation of the Assets (collectively all of the foregoing is referred to as "Pre-Receivership Liabilities").

9. Neither Fedorov nor the Receiver shall be obligated to advance any funds to pay any Pre-Receivership Liabilities. Notwithstanding the foregoing, Receiver may pay pre-

Receivership Liabilities from funds collected from Assets and/or the proceeds therefrom with approval of the Court.

10. The Receiver shall file with this Court, on a regular basis, but not less often than quarterly, an accounting of all receipts and disbursements and a report of the operations of the Assets and the performance of its duties under this Order, no later than thirty (30) days after the end of the quarter for which the accounting and report has been created. A final report and accounting shall be filed within thirty (30) days after termination of the receivership.

11. The Receiver and its employees, agents, and attorneys shall have no personal liability, and no claim may be asserted against any one or more of them relating to the Receiver's duties under this Order, except for claims due to their gross negligence, gross or willful misconduct, malicious acts and/or the failure to comply with this Court's orders. No bond or other surety shall be required of the Receiver.

12. This Court shall retain jurisdiction over this action, the Assets and the parties for the purpose of giving such other relief upon proper showing is consistent with this Order and substantial justice. The Receiver may file a motion or seek other relief from the Court to address any issues relating to the receivership.

13. The Receiver may present, by motion, a further order to the Court regarding the operation of the receivership, the duties of the Receiver and/or any other related matter.

14. The receivership shall continue until further order of this Court.

Dated: August ___, 2009

**KATHLEEN MACDONALD**

Hon. Kathleen Macdonald
Wayne County Circuit Court Judge

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK

BY_____ DEPUTY CLERK

6